IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| PUEBLO OF LAGUNA; PUEBLO OF JEMEZ,<br><br>    Plaintiffs,<br><br>  v.<br><br>MICHAEL REGAN, in his official capacity as Administrator of the U.S. Environmental Protection Agency; U.S. ENVIRONMENTAL PROTECTION AGENCY, et al.,<br><br>    Federal Defendants. | Case No. 1:21-cv-277-JFR-KK |

**FEDERAL DEFENDANTS' RESPONSE TO
PLAINTIFFS' PETITION FOR REVIEW OF AGENCY ACTION**

  Federal Defendants hereby respond to Plaintiffs' Complaint, ECF No. 1, which Federal Defendants will refer to as the Petition for Review of Agency Action or "Petition,"[1] as follows:

  1.  Plaintiffs' Petition alleges that the United States Environmental Protection Agency and United States Army Corps of Engineers, and their respective officers (Federal Defendants), violated the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701–706, Clean Water Act, 33 U.S.C. §§ 1251–1387, and their federal trust responsibility toward tribes in promulgating both the Definition of "Waters of the United States" — Recodification of Pre-Existing Rules, 84 Fed. Reg. 56,626 (Oct. 22, 2019), and The Navigable Waters Protection Rule:

---

[1] *See* Paragraph 5, *infra*.

1

Definition of "Waters of the United States," 85 Fed. Reg. 22,250 (Apr. 21, 2020).  ECF No. 1 ¶ 22.

2. As Plaintiffs make clear in their Petition, the claims presented are cognizable, if at all, only pursuant to the judicial review provisions of the APA.  *See* ECF No. 1 at 51-56 (characterizing all four claims as violations of the APA).

3. In *Olenhouse v. Commodity Credit Corp.*, 42 F.3d 1560 (10th Cir. 1994), the Tenth Circuit held that challenges to federal agency actions pursuant to the judicial review provisions of the APA are not subject to the use of normal civil trial procedures:

> A district court is not exclusively a trial court.  In addition to its *nisi prius* functions, it must sometimes act as an appellate court.  Reviews of agency action in the district courts must be processed as appeals.  In such circumstances the district court should govern itself by referring to the Federal Rules of Appellate Procedure.

*Id.* at 1580; *see also WildEarth Guardians v. U.S. Forest Serv.*, 668 F. Supp. 2d 1314, 1323 (D.N.M. 2009) ("Pursuant to *Olenhouse* . . . , claims under the APA are treated as appeals and governed by reference to the Federal Rules of Appellate Procedure.").

4. In *Olenhouse*, the Tenth Circuit stated that part of "the illicit procedure [the district court] employed to determine the issues for review" was that the district court had "processed the [plaintiffs'] appeal as a separate and independent action, initiated by a complaint and subjected to discovery and a 'pretrial' motions practice."  *Olenhouse*, 42 F.3d at 1579; *see also N. New Mexicans Protecting Land Water & Rights v. United States*, No. CV 15-0559 JB/LF, 2015 WL 8329509, at *12 (D.N.M. Dec. 4, 2015) ("Furthermore, in *Olenhouse* . . . , the Tenth Circuit states that a district court's job in APA cases is not to determine which facts are disputed—like it does in the Complaint and Answer procedure, [but] is to act as an appellate

court, and to determine whether the agency considered the relevant information or made an arbitrary and capricious decision." (citing *Olenhouse*, 42 F.3d at 1579)).

5. The law in the Tenth Circuit, as set forth explicitly in *Olenhouse*, is clear that a "Complaint" is an improper vehicle for initiating claims challenging a federal agency action in federal district court.  Therefore, Federal Defendants are responding to Plaintiffs' Complaint as if it were appropriately filed as a "Petition for Review," to which no "Answer" is required under the Federal Rules of Civil Procedure, which are generally inapplicable.  *See, e.g.*, *Forest Guardians v. U.S. Fish & Wildlife Serv.*, 611 F.3d 692, 702 n.12 (10th Cir. 2010) ("Even though this action was originally filed in the form of a complaint, the parties later agreed to proceed as if it properly had been filed as a petition for review of agency action.  *See* [*Olenhouse*, 42 F.3d at 1579–80].  On October 22, 2007, Forest Guardians filed an opening brief on the merits of its petition for review, arguing that it was entitled to judgment on all of its claims."); *San Diego Cattlemen's Coop. Ass'n v. Vilsack*, Nos. 1:14-cv-00818-RB/WPL, 1:14-cv-00887 RB/WPL, 2015 WL 12866452, at *4 (D.N.M. Apr. 20, 2015) (denying motion for an order requiring defendants to answer complaint in APA case); *Day v. Nat. Res. Conservation Serv.*, No. 1:15-CV-01044-JCH-KRS, 2018 WL 6047414, at *5 (D.N.M. Nov. 19, 2018) ("Because the Agency is correct that reviews of agency action must be treated as appeals, the Court will interpret Day's complaint as a 'Petition for Agency Review' and his Brief in Chief as being a memorandum in support of that petition.").

6. In accordance with *Olenhouse*, in an APA case such as this, the Parties would typically work to agree on a schedule for the filing of any dispositive motions, followed by production of the Administrative Record and briefing on the merits of Plaintiffs' appeal from the

challenged agency actions for any claims remaining after any motions to dismiss are resolved. *See, e.g.*, *WildEarth Guardians*, 668 F. Supp. 2d at 1323 (noting that the case was resolved on the merits based on briefing that "is consistent with the Federal Rules of Appellate Procedure" and the Court's scheduling order).

7.  Federal Defendants note that pursuant to Executive Order 13990, entitled "Executive Order on Protecting Public Health and the Environment and Restoring Science to Tackle the Climate Crisis." 86 Fed. Reg. 7037 (Jan. 25, 2021), they are reviewing the rule entitled "Navigable Waters Protection Rule: Definition of 'Waters of the United States,'" 85 Fed. Reg. 22,250 (Apr. 21, 2020) ("2020 Rule").  *See* Fact Sheet: List of Agency Actions for Review, available at https://www.whitehouse.gov/briefing-room/statements-releases/2021/01/20/fact-sheet-list-of-agency-actions-for-review/ (last visited May 27, 2021) (item No. 2 under Department of Defense, and item No. 31 under EPA).  The 2020 Rule became effective on June 22, 2020, when it replaced the previous rule that Plaintiffs also challenge.  *See* 85 Fed. Reg. 22,250; "Definition of 'Waters of the United States'" – Recodification of Pre-Existing Rules," 84 Fed. Reg. 56,626 (Oct. 22, 2019).[2]  Defendants anticipate that their review will soon be complete.  While the outcome of Federal Defendants' review cannot be predicted at this time, it is at least possible that their review may ultimately lead to a significant modification or withdrawal of the 2020 Rule, which could affect the issues and arguments at play in this litigation and other related challenges regarding the regulatory definition of "waters of the

---

[2] The 2020 Rule did not become effective in Colorado until April 26, 2021.  *See* Mandate issued, *Colorado v. EPA*, No. 20-1238 (10th Cir. April 26, 2021).

United States." Accordingly, Federal Defendants intend to confer with Plaintiffs to propose further proceedings in this case as may be appropriate.

Respectfully submitted this 7th day of June, 2021.

                        JEAN E. WILLIAMS
                        Deputy Assistant Attorney General

                        */s/ Phillip R., Dupré*
                        PHILLIP R. DUPRÉ
                        SONYA J. SHEA
                        Environment and Natural Resources Division
                        United States Department of Justice
                        P.O. Box 7611
                        Washington, D.C. 20044
                        Tel. (202) 616-7501 (Dupré)
                        Tel. (303) 844-7231 (Shea)
                        phillip.r.dupre@usdoj.gov
                        sonya.shea@usdoj.gov

                        ANDREW A. SMITH (NM Bar No. 8341)
                        Environment and Natural Resources Division
                        United States Department of Justice
                        c/o United States Attorney's Office
                        201 Third Street, N.W., Suite 900
                        P.O. Box 607
                        Albuquerque, New Mexico 87103
                        Tel. (505) 224 1468
                        andrew.smith@usdoj.gov
                        *Counsel for Federal Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on June 7, 2021, I filed the foregoing pleading electronically through the CM/ECF system which caused all parties or counsel to be served by electronic means as more fully reflected on the Notice of Electronic Filing.

*/s/ Phillip R. Dupré*
Phillip R. Dupré
Attorney for Federal Defendants
