IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

PUEBLO OF LAGUNA; PUEBLO OF
JEMEZ,
                         Plaintiffs,

v.                                            CIV. No. 1:21-cv-00277-JFR-KK

MICHAEL REGAN, in his official capacity
as Administrator of the United States
Environmental Protection Agency;
UNITED STATES ENVIRONMENTAL
PROTECTION AGENCY; TAYLOR N.
FERRELL, in his official capacity as
Acting Assistant Secretary of the Army for
Civil Works; UNITED STATES ARMY
CORPS OF ENGINEERS,

                         Defendants.

**JOINT STATUS REPORT**

Pursuant to this Court's Order (Doc. 19), counsel for the Parties met on June 17, 2021, via telephone conference to discuss proposed deadlines for filing dispositive motions, producing the administrative record, requesting to supplement the record, and briefings on the merits. The conference was attended by:

Jeffrey Hoagland (clinical law student, motion requesting Court approval of appearance forthcoming), Eziquel Garcia (clinical law student, motion requesting Court approval of appearance forthcoming), and Gabriel Pacyniak, counsel for Plaintiffs Pueblo of Laguna and Pueblo of Jemez;

Colleen Channing Adams and Kenneth Bobroff, counsel for Plaintiff Pueblo of Laguna; and Phillip R. Dupré and Sonya J. Shea, counsel for all Defendants.

In further response to this Court's June 7, 2021, Order for Joint Status Report (Doc. 19 at ¶ 2), the Parties also discussed and jointly submit the following (a) agreed-upon proposed schedule; (b) agreement regarding the procedural rules that should govern scheduling this case (including an agreement that the case should not be subject to the typical scheduling order under Fed. R. Civ. P. 16(b)); (c) agreed-upon proposal regarding how the case should proceed in light of the Government's representation that its review of the rule at issue "may ultimately lead to a significant modification or withdrawal" of the rule (Doc. 18 at 4); and (d) statement noting that neither of the Parties request that this Court hold a telephonic status conference to address any of the foregoing matters at this time.

## **NATURE OF THE CASE**

Plaintiffs the Pueblo of Laguna and the Pueblo of Jemez (together "the Pueblos") are federally recognized tribes and allege that they both have waters flowing through their lands, including many intermittent and ephemeral streams. Plaintiffs allege that most of these waters have historically been protected from pollution by the federal Clean Water Act ("CWA"), which establishes a cooperative federalism scheme that protects the "waters of the United States." 33 U.S.C. § 1251(a) et seq.

The Clean Water Act is federally administered by the U.S. Environmental Protection Agency and the U.S. Army Corps of Engineers (together "the Agencies").

In 2015, the Agencies promulgated the Clean Water Rule, which defined "waters of the United States" in Section 502(7) of the Clean Water Act, 33 U.S.C. § 1362(7). Clean Water Rule: Definition of "Waters of the United States," 80 Fed. Reg. 37,053, 37,056 (June 29, 2015) (the "2015 Clean Water Rule").

The Agencies repealed the 2015 Clean Water Rule in 2019. Definition of "Waters of the United States" — Recodification of Pre-Existing Rules, 84 Fed. Reg. 56,626 (Oct. 22, 2019) (the "2019 Repeal Rule"). In 2020, the Agencies promulgated a new definition of the "waters of the United States." The Navigable Waters Protection Rule: Definition of "Waters of the United States," 85 Fed. Reg. 22,250, 22,340-41 (Apr. 21, 2020) (the "2020 Navigable Waters Protection Rule").

The Pueblo Plaintiffs seek judicial review of both regulatory actions—the 2019 Repeal Rule, and the 2020 Navigable Waters Protection Rule—alleging that the Agencies acted arbitrarily and unlawfully in repealing the 2015 Clean Water Rule and promulgating these rules, and that in doing so the Agencies violated their Trust duties to the Pueblos. (Doc 1). Plaintiffs' petition for review requests the Court set aside both Rules, which Plaintiffs believe would have the effect of reinstating the 2015 Clean Water Rule.

In their *Olenhouse* Answer, Defendants (the "Agencies") indicated that they were reviewing the 2020 Navigable Waters Protection Rule pursuant to an executive order issued by President Joseph R. Biden. (Doc. 18); *see* Executive Order 13990, Executive Order on Protecting Public Health and the Environment and Restoring Science to Tackle the Climate Crisis, 86 Fed. Reg. 7037 (Jan. 25, 2021).

The Agencies have since completed their review of the Navigable Waters Protection Rule pursuant to the Executive Order. On June 9, 2021, the Agencies announced that they will commence a new rulemaking process to revise the definition of "waters of the United States." Press Release, EPA, Army Announce Intent to Revise Definition of WOTUS, June 9, 2021, https://www.epa.gov/newsreleases/epa-army-announce-intent-revise-definition-wotus.

Accordingly, the Agencies intend to file a Motion for Voluntary Remand without Vacatur of the 2020 Navigable Waters Protection Rule.

### (b) PROCEDURAL RULES GOVERNING THIS CASE

Both Parties agree that because this action proceeds under the judicial review provisions of the Administrative Procedure Act ("APA"), 5 U.S.C. § 704, this action is to be treated as an appeal by the District Court and governed by reference to the Federal Rules of Appellate Procedure, *Olenhouse v. Commodity Credit Corp.*, 42 F.3d 1560, 1580 (10th Cir. 1994). For this reason, and because the Court's order did not specify their inclusion, the Parties have agreed to omit categories of information from this Joint Status Report that are otherwise included in the Joint Status Report form referenced by D.N.M.LR-Civ.16.1.

### (c) PROPOSAL REGARDING HOW THE CASE SHOULD PROCEED

The Parties agree that because a ruling on the Agencies' forthcoming Motion for Voluntary Remand without Vacatur may change the posture of the case, it is in the interest of judicial economy to limit scheduling to that particular motion at this time. The Parties therefore propose an agreed-upon schedule limited to briefing on the Motion for Voluntary Remand without Vacatur.

Following a ruling by this Court on that motion, the Parties agree to file a joint status report within 21 days with the Parties' joint or separate proposals for further proceedings (e.g., proposed deadlines for filing dispositive motions, producing the administrative record, requesting to supplement the record, briefings on the merits, and identifying whether and how the claims with respect to the 2019 Repeal Rule should proceed).

## STIPULATIONS

The Parties hereto stipulate and agree that venue is proper in the District of New Mexico.

## PLAINTIFFS' CONTENTIONS

Plaintiffs contend that in promulgating the 2019 Repeal Rule and the 2020 Navigable Waters Protection Rule the Agencies acted arbitrarily and unlawfully. In particular, Plaintiffs contend that the 2020 Navigable Waters Protection Rule's interpretation of "the waters of the United States" is impermissible under the Clean Water Act and the judgments of the Supreme Court and the Circuit Courts of Appeals, because it narrows the definition of "waters of the United States" to exclude multiple waters that affect the physical, chemical, and biological integrity of downstream traditional navigable waters. In particular, Plaintiffs contend that the rule excludes many such intermittent and ephemeral streams that run through the Pueblos.

Plaintiffs also contend that the promulgation of both the 2019 Repeal Rule and the 2020 Navigable Waters Protection Rule was arbitrary, capricious, and an abuse of discretion because the rules are not adequately supported by the record and because they did not adequately consider and respond to significant comments of the Plaintiffs.

Finally, Plaintiffs contend that the Agencies violated their trust responsibilities to the Pueblos by failing to meaningfully consult with the Pueblos on a government-to-government basis, by failing to adequately consider the impacts of these regulations on Pueblo trust resources, and by failing to protect the natural resources of the Pueblos that are held in trust by the federal government.

Taken together, these violations of the APA, the Clean Water Act, and the government's trust duties harm the Pueblos by leaving Pueblo waters—federal trust resources—exposed to pollution, by leaving Pueblos without the capability to protect these waters, and by impinging on the Pueblos' Sovereignty by failing to adequately consult with the Pueblo and co-manage the Pueblo's waters.

## **DEFENDANTS' CONTENTIONS**

As noted above, the Agencies are undertaking a new rulemaking process to revise the definition of "waters of the United States." Defendants contend that this administrative process should be allowed to occur prior to this Court's judicial review of the 2020 Navigable Waters Protection Rule, which sets out the current definition of "waters of the United States." Defendants believe that allowing the administrative process to proceed first will best conserve the Parties' limited resources and serve the interest of judicial economy. This position will be more fully set forth in a Motion for Voluntary Remand without Vacatur.

### (a) AGREED-UPON PROPOSED SCHEDULE

The Parties propose the following schedule for the Motion for Voluntary Remand without Vacatur:

1. Defendants shall file with the Court their Motion for Voluntary Remand without Vacatur on or before **July 2, 2021**.

2. Plaintiffs shall file a Response to Defendants' Motion on or before **July 30, 2021**.

3. Defendants shall file a Reply on or before **August 27, 2021**.

4. Within 14 days of entry of an Order on Defendants' Motion to Remand without Vacatur, the Parties shall meet and confer regarding further litigation. Within 21 days of entry of an Order on Defendants' Motion to Remand without Vacatur, the Parties shall submit a Joint Status Report proposing further proceedings.

### (d) TELEPHONIC STATUS CONFERENCE

At this time, there are no disagreements between the Parties regarding the procedural rules that should govern this case, how the case should proceed, or the proposed schedule for briefing on the Voluntary Motion to Remand without Vacatur. Therefore, the Parties agree that no Telephonic Status Conference is necessary at this stage.

### SETTLEMENT

The possibility of settlement in this case is considered unlikely by both Parties. As such, the Parties request that no settlement conference be ordered in this matter.

Respectfully submitted June 28, 2021.

*/s/ Gabriel Pacyniak*

Gabriel Pacyniak
University of New Mexico School of Law
Natural Resources and Environmental Law Clinic
1117 Stanford NE MSC11 6070
1 University of New Mexico
Albuquerque, NM 87131
505-277-6559
pacyniak@law.unm.edu

*Counsel For Plaintiffs*

/s/ *Sonya J. Shea*
PHILLIP R. DUPRÉ
SONYA J. SHEA
Environment and Natural Resources Division
United States Department of Justice
P.O. Box 7611
Washington, D.C. 20044
Tel. (202) 616-7501 (Dupré)
Tel. (303) 844-7231 (Shea)
phillip.r.dupre@usdoj.gov
sonya.shea@usdoj.gov

ANDREW A. SMITH (NM Bar No. 8341)
Environment and Natural Resources Division
United States Department of Justice
c/o United States Attorney's Office
201 Third Street, N.W., Suite 900
P.O. Box 607
Albuquerque, New Mexico 87103
Tel. (505) 224 1468
andrew.smith@usdoj.gov

*Counsel for Defendant*