IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

PUEBLO OF LAGUNA; PUEBLO OF
JEMEZ,

       Plaintiffs,

       v.                                                             CIV. No. 1:21-cv-00277-WJ-KK

MICHAEL REGAN, in his official capacity
as Administrator of the United States
Environmental Protection Agency;
UNITED STATES ENVIRONMENTAL
PROTECTION AGENCY; TAYLOR N.
FERRELL, in his official capacity as
Acting Assistant Secretary of the Army for
Civil Works; UNITED STATES ARMY
CORPS OF ENGINEERS,

       Defendants.

## ORDER DENYING UNOPPOSED MOTION TO AUTHORIZE APPEARANCE OF CLINICAL LAW STUDENTS ON BEHALF OF PLAINTIFFS

THIS MATTER comes before the Court upon an Unopposed Motion for Authorization of Appearance of Clinical Law Students on Behalf of Plaintiffs Pueblo of Laguna and Pueblo of Jemez, filed on June 28, 2021 by Plaintiffs (Pueblo of Laguna and Pueblo of Jemez, Gabriel Pacyniak, a faculty supervisor at the University of New Mexico ("UNM") School of Law's Natural Resources and Environmental Law Clinic) **(Doc. 20)**.

In essence, the four-count, 65-page complaint alleges that defendant federal agencies acted arbitrarily and unlawfully in repealing the 2015 Clean Water Rule and violated their Trust duties to the Pueblos. The Environmental Law Clinic ("Clinic") represents Plaintiffs Pueblo of Laguna and Pueblo of Jemez, and the Clinic supervisor, Gabe Pacyniak ("Faculty Supervisor"), is counsel of record. Doc. 1 (Compl). Plaintiffs request that the Court enter an Order authorizing two UNM

clinical law students, Jeffrey D. Hoagland and Eziquel Garcia, to represent Plaintiffs under the control and direction of the dean of the law school and under the active supervision of Mr. Pacyniak.

This Court's local rules envisions representations of parties by law students:

> **Clinical Law Student Practice.** A law student participating in the clinical program at the University of New Mexico School of Law may, under the control and direction of the dean of the law school, represent a party. A member of the Federal Bar, designated by the dean, must actively supervise the student and sign any pleading, motion or other paper prepared by the student. An order authorizing the student's appearance must be filed before the student appears in court.

D.N.M.LR-Civ.83.11. Affording law students an opportunity to actively participate in case litigation before graduating law school is commendable. However, after reviewing the complaint as well as the court docket in this case, the Court is not inclined to grant this particular request.

In denying the request, the Court is not disparaging the legal ability of Clinic supervisory staff or the legal promise of the UNM law students. Rather, having presided over numerous environmental cases which generally require inordinate amounts of time and attention, the Court has several concerns. The first is the continuity of representation by law students who have but a clinical semester to devote to the case before incoming students take over. The docket already indicates that in the short space of three months, new clinical law students have replaced those who co-signed the complaint. *Cmp.* Doc. 1 (Mar. 26, 2021) & Docs. 4-12 (all filed May 13, 2021). Given the complexity of the issues in this case, there is no doubt that a significant amount of time will be necessary for each new group of students to become familiar with the case, resulting in significant delays in a case which the Court expects to have a long litigation life under normal circumstances.

Second, the District of New Mexico already faces an unusually heavy caseload with a shortage of district judges. While the concept of allowing clinical law students to represent Plaintiffs is workable in many lawsuits, this is not the case in which to carry it out—as evidenced by certain entries in the docket thus far:

- On May 17, 2021, United States Magistrate Judge Kirtan Khalsa denied as moot eight motions (including amended motions) by the clinical law students) to "withdraw as attorneys." *See* Doc. 13 at 2: "Because neither student has been authorized to appear as Plaintiffs' counsel, it would be both unnecessary and inappropriate for the Court to allow either student to withdraw."

- On May 20, 2021, Judge Khalsa entered an Order striking a "Consent Order Granting Substitution of Attorney" that was filed by supervising attorney Pacyniak—the same attorney who will be supervising the clinical law students who seek to participate in the litigation of this case. Judge Khalsa noted that a "request for a *court order* must be made by motion" referring counsel to Fed.R.Civ.P.7(b)(1) (emphasis added), and added:

    > This is not the first time Plaintiffs' counsel have needlessly consumed judicial resources by filing documents that suggest a lack of understanding of the procedural rules governing civil practice in this Court. (*See* Doc. 13 (denying Docs. 4-12 as moot).) Plaintiffs' counsel are cautioned to exercise greater care in future to ensure that any documents they file in this action fully comply with the Federal Rules of Civil Procedure, including Federal Rule of Civil Procedure 11, and with the Local Civil Rules of the United States District Court for the District of New Mexico.

    Doc. 16 at 2.

- Even here, in the instant "unopposed" motion, Mr. Pacyniak failed to comply with this Court's local rules regarding submission of proposed orders for unopposed motions. *See* CM/ECF Admin. Proc. Man., §12 ("Proposed Orders") and see Court's external website for Chief Judge Johnson, "Proposed Orders/Text" text: https://www.nmd.uscourts.gov/content/honorable-william-p-johnson

The issues in this case are both too legally sophisticated and complex to provide a training ground for clinical law students—or (as illustrated by the above examples) for supervising professors to become familiar with this Court's procedural rules. The Court has no objection to these students participating in the lawsuit by assisting counsel of

3

record in the background in order to obtain hands-on experience working on a case involving natural resource and environmental law; but clinical law students will not be permitted to become counsel of record for Plaintiffs in this particular case.

**IT IS SO ORDERED**.

_____
WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE