**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

PUEBLO OF LAGUNA; PUEBLO OF
JEMEZ,
                                        Plaintiffs,

vs.                                                                 CIVIL NO. 1:21-cv-00277-WJ-KK

MICHAEL REGAN, in his official capacity
as Administrator of the United States
Environmental Protection Agency;
UNITED STATES ENVIRONMENTAL
PROTECTION AGENCY; TAYLOR N.
FERRELL, in his official capacity as
Acting Assistant Secretary of the Army for
Civil Works; UNITED STATES ARMY
CORPS OF ENGINEERS,

                                        Defendants.

**PLAINTIFFS' SURREPLY**
**IN SUPPORT OF PLAINTIFFS' RESPONSE TO DEFENDANTS' OPPOSED MOTION**
**FOR VOLUNTARY REMAND OF NWPR WITHOUT VACATUR**

Plaintiffs Pueblo of Laguna and Pueblo of Jemez (together, the "Pueblos") submit this

surreply to support their response in partial opposition to Defendants' motion for voluntary

remand of the Navigable Waters Protection Rule ("NWPR" or the "Rule") without vacatur.

Pueblos are challenging the NWPR,[1] which has stripped federal Clean Water Act protections

from the majority of their waters. Pls.' Compl., ECF No. 1. Pueblos do not oppose remand of the

Rule, but do oppose voluntary remand *without vacatur*. Pls.' Resp. 1, ECF No. 32. Pursuant to an

---

[1] Pueblos also challenge the 2019 repeal of the Clean Water Rule, but that is not relevant to this
motion. Pls.' Compl., ECF No. 1.

order of this Court granting leave, ECF No. 37, this surreply is offered for the limited purpose of addressing new material relied on by Defendants in their reply.[2]

On August 4, 2021, Defendants U.S. Environmental Protection Agency and the U.S. Army Corps of Engineers (together, "the Agencies") published a Notice of Public Meetings Regarding "Waters of the United States" ("Notice"). 86 Fed. Reg. 41,911 (Aug. 4, 2021). The Notice states that the Agencies are "initiating" two new notice-and-comment rulemakings to replace the NWPR. *Id.* at 41,912. Defendants rely on this Notice in their reply to argue that because the Agencies have now taken a step towards a rulemaking to replace the NWPR, vacatur is inappropriate. Defs.' Reply 2, ECF No. 34. Yet the Notice actually supports vacatur under the two-factor test first articulated in *Allied-Signal v. U.S. Nuclear Regulatory Comm'n*, 988 F.2d 146, 150-51 (D.C. Cir. 1993), and subsequently adopted by this Court. Moreover, while Defendants argue that they are "commencing" rulemaking, *id.* at 2, the Notice provides no schedule for actually proposing or finalizing a rule that would replace the NWPR, *see* 86 Fed. Reg. 41,911.

---

[2] Pursuant to this Court's order that "that the surreply … shall include legal authority to support Plaintiffs' position," ECF No. 37, this surreply includes additional citations to authority as compared to the proposed surreply attached as an exhibit to Plaintiffs' motion for leave, ECF No. 36-1, but does not include any other substantive changes.

Pueblos have also filed a notice of supplemental authority in support of Plaintiffs' response to Defendants' motion for voluntary remand of NWPR without vacatur, ECF No. 35, bringing to this Court's attention that the United States District Court for the District of Arizona has remanded and vacated the NWPR, *Pasqua Yaqui Tribe v. U.S. Environmental Protection Agency*, No. CV-20-00266-TUC-RM (D. Ariz.) (order issued Aug. 30, 2021). In the Notice, Pueblos argue that the ruling moots Defendants' request to withhold vacatur. This surreply is being offered to support Plaintiffs' response in the event that this Court does not find the issue of whether to grant vacatur moot.

**DISCUSSION**

This Court relies on the two-factor *Allied-Signal* test to determine whether vacatur is appropriate upon remand. "[T] he decision … to vacate depends on 'the seriousness of the order's deficiencies (and thus the extent of doubt whether the agency chose correctly) and the disruptive consequences of an interim change that may itself be changed." *No. N.M. Stockman's Assn' v. U.S. Fish and Wildlife Serv.*, 494 F.Supp.3d 850, 1031 (D.N.M. 2020) (citing *Allied-Signal*, 988 F.2d at 150-51); *see* Pls.' Resp. 8. The Notice published by the Agencies provides additional support for vacatur under both *Allied-Signal* factors.

First, the Notice supports Plaintiffs' argument that the NWPR is seriously flawed. *See Allied Signal*, 988 F.2d at 150-51 (first factor in decision to vacate depends on "the seriousness of the [Rule's] deficiencies); Pls.' Resp. at 11, ECF No. 32. The Agencies confirm in the Notice that they "have substantial and legitimate concerns that the NWPR did not appropriately consider the effect of the revised definition of 'waters of the United States' on the integrity of the nation's waters." 86 Fed. Reg. 41,912.

Moreover, the Agencies announce that they intend to replace the NWPR instead of attempting to find a suitable rationale for maintaining it. *Compare Allied–Signal*, 988 F.2d at 151 (declining to vacate because there was "at least a serious possibility that the [agency would] be able to substantiate its decision on remand"), *with North Carolina v. EPA*, 531 F.3d 896, 929-30 (D.C. Cir. 2008) (concluding that the EPA's rule "must" be vacated because "fundamental flaws" prevented the EPA from promulgating the same rule on remand).

Here, the Agencies announce two forthcoming rulemakings. First, "a foundational rule to restore longstanding protections" that will "restore the regulations defining 'waters of the United

States' that were in place for decades until 2015, with updates to be consistent with relevant Supreme Court decisions." *Id.* at 41,911. The Agencies will then conduct "a second rulemaking process that builds on that regulatory foundation." *Id.*

By proposing to return to the Pre-2015 regulations in their "foundational rule," the Agencies acknowledge that "the same rule would" *not* "be adopted on remand." *See National Family Farm Coalition v. U.S. Environmental Protection Agency,* 966 F.3d 893, 929 (9th Cir. 2020) ("We also look to … whether such fundamental flaws in the agency's decision make it unlikely that the same rule would be adopted on remand.") (quotation omitted). Because the Agencies clearly believe that they did not "choose correctly," *Allied-Signal*, 988 F.2d at 150-51, the Rule should be vacated.

Second, the Notice also supports vacatur under the second *Allied-Signal* factor, because it makes clear that granting vacatur will be less disruptive than maintaining the NWPR. *See id.* (second factor in decision to vacate depends on "the disruptive consequences of an interim change that may itself be changed."); Pls.' Resp. at 13, ECF No. 32. Vacatur would have the effect of reinstating the Pre-2015 regulations, which are longstanding, well-known rules that have been vetted by the courts. Pls.' Resp. at 13, ECF No. 32. In their Notice, the Agencies make clear that they *intend* to reinstate the Pre-2015 regulations in their "foundational rule" – the same outcome as granting vacatur. 86 Fed. Reg. at 41,912. Far from being disruptive, granting vacatur would have the effect of more quickly restoring the status quo protections that have been stripped by the NWPR from Pueblos' waters and which the Agencies intend to restore anyway.

Finally, Defendants argue that rulemakings announced by the Notice "will allow the Plaintiffs' concerns to be addressed in a thorough and transparent manner that will be informed

by input from all interested stakeholders." Defs.' Reply 2. But in their Notice the Agencies do not commit to any specific rulemaking actions or timeline. The Agencies only solicited pre-proposal input through public meetings and written comment. 86 Fed. Reg. at 41,913. They did not, for example, provide a timeline for when regulatory text would be proposed or when a final rule was expected to be promulgated. *See id; see also Util. Solid Waste Activities Grp. v. Environmental Protection Agency,* 901 F.3d 414, 437-38 (D.C. Cir. 2018) (noting as factor in granting remand without vacatur "the EPA … submitted a proposed timeline to the court").

If this Court grants remand without vacatur and the NWPR is maintained, the result will be continued disruption for Pueblos and others whose waters have been stripped of Clean Water Act protections.

## CONCLUSION

The Notice relied on by Defendants in their reply supports vacatur under the *Allied-Signal* test because it further confirms that the Agencies did not "choose correctly" in promulgating the NWPR and because the Agencies make clear that instead of being disruptive, vacatur will only reinstate the status quo that the Agencies themselves intend to return to. Pueblos therefore request that this Court issue an order:

(A) granting in part the Agencies' request for voluntary remand and denying in part the Agencies' request for remand *without vacatur* of the Navigable Waters Rule; and

(B) granting any other relief the Court deems just and fair.

Respectfully submitted September 14, 2021,

*/s/ Gabriel Pacyniak*

Gabriel Pacyniak
Samuel L Winder
University of New Mexico School of Law
Natural Resources and Environmental Law Clinic
1117 Stanford NE MSC11 6070
1 University of New Mexico
Albuquerque, NM 87131
505-277-6559
505-277-2371 (fax)
pacyniak@law.unm.edu
winder@law.unm.edu

*Counsel for Plaintiffs Pueblo of Laguna and Pueblo of Jemez*

*/s/ Kenneth Bobroff*

Kenneth Bobroff
Colleen Channing Adams
James M Burson
Pueblo of Laguna
Government Affairs Office
PO Box 194
Laguna, NM 87026
505-270-5211
505-552-6941 (fax)
kbobroff@pol-nsn.gov
cadams@pol-nsn.gov
jburson@pol-nsn.gov

*Counsel for Plaintiffs Pueblo of Laguna*

_/s/  David R. Yepa_

David R. Yepa
VanAmberg, Rogers, Yepa, Abeita
Gomez & Wilkinson, LLP
5941 Jefferson Court NE, Suite B
Albuquerque, NM  87109
Office  (505) 242-7352
Fax  (505) 242-2283
Cell  (505) 980-6130

_Counsel for Plaintiffs Pueblo of Jemez_

**CERTIFICATE OF SERVICE**

I hereby certify that on September 14, 2021, I electronically transmitted the foregoing to the Clerk of Court using the ECF system for filing and transmittal of a Notice of Electronic Filing to registered counsel for all parties.

*/s/ Gabriel Pacyniak*

Gabriel Pacyniak

Counsel for Plaintiffs