## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

PUEBLO OF LAGUNA; PUEBLO OF
JEMEZ,

         Plaintiffs,

     v.                                      CIV. No. 1:21-cv-00277-WJ-KK

MICHAEL REGAN, in his official capacity
as Administrator of the United States
Environmental Protection Agency;
UNITED STATES ENVIRONMENTAL
PROTECTION AGENCY; TAYLOR N.
FERRELL, in his official capacity as
Acting Assistant Secretary of the Army for
Civil Works; UNITED STATES ARMY
CORPS OF ENGINEERS,

Defendants.

## <u>MEMORANDUM OPINION AND ORDER</u>
## <u>GRANTING MOTION TO REMAND</u>
## <u>and</u>
## <u>FINDING VACATUR ISSUE NOW MOOT</u>

THIS MATTER comes before the Court upon Defendants' Motion for Voluntary Remand of the Navigable Waters Protection Rule Without Vacatur, filed on July 2, 2021 by Defendants United States Environmental Protection Agency ("EPA"), EPA Administrator Michael Regan, the United States Army Corps of Engineers ("Corps"), and Acting Assistant Secretary of the Army Jaime Pinkham (collectively, the "Agencies") **(Doc. 28)**. Having reviewed the parties' pleadings and the applicable law, the Court GRANTS the parties' unopposed request to remand the matter to the Agencies, but finds the question of whether the Navigable Waters Protection Rule should be vacated on remand to be MOOT.

**BACKGROUND**

This case is one of several filed in various United States District Courts throughout the nation challenging rules promulgated by the United States Environmental Protection Agency and the United States Army Corps of Engineers that define "waters of the United States" for purposes of applying the Clean Water Act. The Federal Water Pollution Control Act, commonly known as the Clean Water Act ("CWA"), seeks "to restore and maintain the chemical, physical, and biological integrity of the Nation's waters." 33 U.S.C. § 1251 *et seq.* Among other provisions, the CWA prohibits "the discharge of any pollutant by any person" without a permit or other authorization, 33 U.S.C. § 1311(a), to "navigable waters," defined as "the waters of the United States," *id*. at 1362(7).

During the past ten years, federal agencies comprehensively revised the regulatory definition of "waters of the United States." Most recently, the Agencies revised the definition of "waters of the United States" with the Navigable Waters Protection Rule: Definition of "Waters of the United States," 85 Fed. Reg. 22,250 (Apr. 21, 2020) (the "NWPR" or "Rule"). Plaintiffs, the Jemez and Laguna Pueblos, challenge the NWPR and claim that the Agencies acted arbitrarily and unlawfully in promulgating that rule and by doing so violated their Trust duties to the Pueblos. Defendants seek voluntary remand to the agencies and dismissal of this case. Plaintiffs oppose remand unless the current rule is vacated.

**DISCUSSION**

On September 7, 2021, after briefing on the motion to remand was completed, Plaintiffs filed a Notice of Supplemental Authority regarding a recent decision in the federal District of Arizona vacating the NWPR, the same rule challenged by Pueblos in this matter. *Pascua Yaqui Tribe v. United States Environmental Protection Agency*, No. CV-20- 00266-TUC-RM (D. Ariz.)

(order issued Aug. 30, 2021). Doc. 35-1.[1] In that case, the U.S. District Court for the District of Arizona issued an order on August 13, 2021 vacating the Rule. The *Pascua Yaqui* court granted Plaintiffs' "request that remand include vacatur" because:

> [t]he seriousness of the Agencies' errors in enacting the NWPR, the likelihood that the Agencies will alter the NWPR's definition of "waters of the United States," and the possibility of serious environmental harm if the NWPR remains in place upon remand, **all weigh in favor of remand with vacatur.**

Doc. 35-1 at 3 (emphasis added).   On September 17, 2021, the Agencies also filed a *Notice of Supplemental Authority Concerning Motion for Remand* (Doc. 39), providing the Court with notice of a recent decision from the United States District Court for the District of Massachusetts and two recent decisions from the United States District Court for the Northern District of California remanding the NWPR.   All three cases found the issue of vacatur to be moot in light of the ruling in *Pascua Yaqui. See Conservation Law Foundation v. EPA*, No. 1:20-cv-10820, Doc. No. 122 (D. Mass. Sept. 1, 2021) (finding that "the most prudent step to resolve this case in this court is to grant the request for voluntary remand and dismiss this case without independently vacating the challenged Rule"); *California v. Regan*, No. 20-cv-03005, Doc. No. 271 (N.D. Cal. Sept. 16, 2021) ("The issue of whether vacatur is warranted or not appears to be moot, however, given that the *Pascua Yaqui* court issued an order on August 13, 2021 vacating the rule."); and *Waterkeeper Alliance, Inc. v. EPA*, No. 18-cv-03521, Doc. No. 125 (N.D. Cal.Sept. 16, 2021) (same).   Docs. 39-1, 39-2 & 39-3.

The mootness of the vacatur issue by no means suggests how this Court would have ruled on the matter.   Interestingly, the Northern District of California in *Waterkeeper Alliance* stated that it "would not be inclined to impose vacatur"  . . . "were it still necessary to reach the issue"

---

[1] *Pascua* was still pending in the District of Arizona as of the time the reply brief was filed. *See* Doc. 34 at 3, n.1.

because Defendants "do not concede the rule is legally impermissible."  Doc. 39-3 at 2.  That court also noted that in *California v. Regan*, the Northern District of California concluded that plaintiffs were "unlikely to succeed on the merits in showing such legal error" and that rather, the Agencies appeared to be "reconsidering the rule for policy reasons":

> While it is within defendants' discretion to modify their policies and regulatory approaches, and it may ultimately resolve some or all of plaintiffs' objections to the current rule, there has been no evaluation of the merits—or concession by defendants—that would support a finding that the rule should be vacated.

Doc. 39-3 at 2.  This Court also follows that line of analysis, making no finding in particular regarding the vacatur issue except to note that vacatur of the NWPR Rule flows purely from its mootness following the *Pascua Yaqui* rather than from any consideration of its merits.

Therefore, the Court finds that because a federal court has already vacated the Rule, the question of whether this Court should remand without vacatur in response to Defendants' motion is NOW MOOT. *See S. Utah Wilderness All. v. Smith*, 110 F.3d 724, 727 (10th Cir. 1997) (central mootness inquiry is whether "circumstances changed … that forestall any occasion for meaningful relief."); *cf., e.g.*, *Motion Robbins v. Dyck O'Neal*, Inc., No. 18-2623-DDC-TJJ, 2019 WL 3453563, at *1 (D. Kan. July 31, 2019) (denying a pending motion as moot in light of changed circumstances).

Accordingly, the Motion to Remand the NWPR to the Agencies is GRANTED. The Clerk of Court shall close the file in this case.

**IT IS SO ORDERED**.

WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE